[Cite as *Spahn v. Ohio Dept. of Transp., Dist. 8*, 2011-Ohio-2129.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

AMY SPAHN

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION (DISTRICT 8)

     Defendant

Case No. 2010-08799-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

{¶ 1} Plaintiff, Amy Spahn, filed this action against defendant, Department of Transportation (ODOT), contending that her 2010 Mazda 6 was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous roadway condition in a construction area on Interstate 75 North in Warren County. In her complaint, plaintiff noted that she was traveling east on State Route 73 and when she began to exit onto the Interstate 75 North ramp her vehicle "hit a section of deteriorating pavement on the right side of the road;" a defective condition had obliterated the paint white edge line area. Plaintiff related that, "[a]s we drove through this section of the ramp a tire immediately blew and we were force to pull over." According to plaintiff, she later discovered that both rear tires and both rear rims on her 2010 Mazda 6 required replacement. Also, plaintiff asserted that her car required a full alignment as a result of traveling on the deteriorated pavement condition on the Interstate 75 North exit ramp. Plaintiff requested damage recovery in the amount of $854.85, the stated cost of replacement parts and related repair expenses. In her complaint, plaintiff acknowledged that she received payment from her insurer in the

amount of $345.85, to defray the cost of automotive repair. Pursuant to R.C. 2743.02(D)[1], plaintiff's damage claim is limited to $500.00, her insurance coverage deductible. The filing fee was paid.

{¶ 2} Defendant acknowledged that the roadway area where plaintiff's incident occurred was within the limits of a working construction project under the control of ODOT contractor, John R. Jurgensen Company (Jurgensen). Defendant explained that the particular construction project "dealt with grading, draining, paving with asphalt concrete on I-75 interchange reconstruction of SR 122 and bridge replacements at several locations in Warren County." According to defendant, the construction project limits "corresponds to state mileposts 32.10 to 40.50" on Interstate 75 and plaintiff's damage incident occurred at milepost 38.80, a location within the construction area limits. Defendant asserted that this particulr construction project was under the control of Jurgensen and consequently ODOT had no responsibility for any damage or mishap on the roadway within the construction project limits. Defendant argued that Jurgensen, by contractual agreement, was responsible for maintaining the roadway within the construction zone. Therefore, ODOT contended that Jurgensen is the proper party defendant in this action. Defendant implied that all duties such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. Furthermore, defendant contended that plaintiff failed to introduce sufficient evidence to prove that her damage was caused by roadway conditions created by ODOT or its contractors. All construction work was to be performed in accordance with ODOT requirements and specifications and subject to ODOT approval. Also, evidence has been submitted to establish that ODOT personnel were present on site conducting inspection activities.

{¶ 3} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy*

---

[1] R.C. 2743.02(D) states:

"(D) Recoveries against the state shall be reduced by the aggregate of insurance proceeds, disability award, or other collateral recovery received by the claimant. This division does not apply to civil actions in the court of claims against a state university or college under the circumstances described in section 345.40 of the Revised Code. The collateral benefits provisions of division (B)(2) of that section

*Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 4} Defendant had the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor involved in roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contentions that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with the particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

{¶ 5} Alternatively, defendant denied that neither ODOT nor Jurgensen "had notice of a pothole on I-75 prior to plaintiff's incident." Defendant pointed out that ODOT records "indicate that no calls were received regarding the pothole in question prior to Plaintiff Spahn's incident." Defendant advised that, "[i]t should be noted that this portion of I-75 has an average daily traffic volume of 78,000, however, and no calls were

---

apply under those circumstances."

received (regarding a roadway defect) prior to plaintiff's alleged incident." Defendant contended that plaintiff failed to offer any evidence of negligent roadway maintenance on the part of ODOT and failed to produce evidence to establish that her property damage was attributable to conduct on either the part of ODOT or Jurgensen. Defendant denied receiving any complaints before April 25, 2010 regarding a pothole on Interstate 75 at milepost 38.80.

{¶ 6} Defendant submitted a letter from Jurgensen Safety Manager, Travis Roberts, regarding his recollection of roadway conditions in the vicinity of milepost 38.80 (Ramp C to northbound I-75) during April, 2010. Roberts recorded that, "Ramp C to northbound I-75 was reduced to an 11' lane clearance per plans beginning April 12th." Roberts advised that Jurgensen did not have any knowledge of any roadway defect on Ramp C until April 26, 2010, the day after plaintiff's incident. Roberts further advised that, "[l]ong term work zone sheet from April 22nd and journal notes from April 22nd and 23rd (copies submitted) indicate that prior to the weekend (April 24, 2010 and April 25, 2010) an inspection was completed and no areas of concern were found on ramp C." Roberts pointed out that the defect on Ramp C was discovered on Monday April 26, 2010 and "[f]our point five (4.5) cubic yards of cold mix from yard stock was used to make the repair." Roberts specifically denied that any Jurgensen personnel had any knowledge of the damage-causing defect prior to April 26, 2010.

{¶ 7} Generally, in order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff, in the instant action, has failed to produce any evidence to establish that either ODOT or Jurgensen had actual notice of the damage-causing pothole prior to April 25, 2010 or that any construction work created the pothole condition. Therefore, to establish liability

for her damage, plaintiff must prove that defendant or its agents had constructive notice of the pothole or the defect was the result of negligent maintenance.

**{¶ 8}** "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard* at 4.

**{¶ 9}** Generally, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. Size of the defect is insufficient to prove notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. Plaintiff has not offered any evidence to show that either ODOT or Jurgensen had constructive notice of the pothole at milepost 38.80.

**{¶ 10}** In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from unreasonable risk of harm is the precise duty owed by ODOT to the traveling public both under normal traffic conditions and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462; *Rhodus*, 67 Ohio App. 3d 723, 588 N.E. 2d 864. In the instant claim, plaintiff has failed to introduce sufficient evidence to prove that defendant or its agents maintained a known hazardous roadway condition. See *Nicastro v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-09323-AD, 2008-Ohio-4190. Evidence has shown that the construction project area complied with ODOT specifications. Plaintiff has not provided evidence to prove that the roadway area was particularly defective or hazardous to motorists. *Reed v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2004-08359-AD, 2005-Ohio-615.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

AMY SPAHN

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION (DISTRICT 8)

     Defendant

     Case No. 2010-08799-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Clerk

Entry cc:

Amy Spahn
71 Lance Drive
Franklin, Ohio 45005

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street

Columbus, Ohio  43223

RDK/laa
12/1
Filed 2/8/11
Sent to S.C. reporter 4/29/11